730 So.2d 425 (1999)
A.P., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2671.
District Court of Appeal of Florida, Fifth District.
April 30, 1999.
*426 James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, J.
A.P. appeals from an adjudication of delinquency arguing that the trial court erred in denying his pretrial motion to withdraw his guilty plea. We agree and therefore reverse.
After a petition for delinquency was filed, A.P. appeared before the trial court without an attorney and pled guilty to the charge of burglary of a dwelling.[1] Prior to disposition, A.P. filed a motion to withdraw his plea, asserting that his decision to plead guilty without first conferring with counsel was not made knowingly and voluntarily because he had not been properly advised of his right to counsel. See Fla. R. Juv. P. 8.080(b)(2). The motion was denied and A.P. was sentenced to a level six commitment. A.P. argues that he should have been permitted to withdraw his guilty plea because the trial court failed to advise him of his right to be represented by an attorney appointed by the court. We agree.
A juvenile defendant can waive his right to counsel and proceed to enter an uncounseled guilty plea; however, before accepting the plea, the trial court is obligated to determine whether such waiver was made voluntarily and intelligently. See K.M. v. State, 448 So.2d 1124, 1125 (Fla. 2d DCA 1984). In making this determination, it is essential for the trial court to advise the juvenile that he "has the right to be represented by an attorney at every stage of the proceedings and, if necessary, one will be appointed." Fla. R. Juv. P. 8.080(b)(2). See also Fla. R. Juv. P. 8.165(a). Here, the trial court's failure to advise A.P. of his right to receive appointed counsel renders the guilty plea colloquy inadequate. See G.L.D. v. State, 442 So.2d 401 (Fla. 2d DCA 1983); R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981). Accordingly, we must vacate the adjudication and disposition entered in this case and remand this matter to the trial court for further proceedings consistent with this opinion.
VACATED and REMANDED.
GRIFFIN, C.J., and W. SHARP, J., concur.
NOTES
[1] § 810.02(3), Fla. Stat. (1997).